# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **Andrea Richey,** | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-170 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| **Matanuska-Susitna Borough,** | ) | [Re: Motion at docket 44] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 44, defendant Matanuska-Susitna Borough ("MSB") moves to strike the jury demand filed by plaintiff Andrea Richey ("Richey"). Richey's response is at docket 45. MSB replies at docket 46. Oral argument has not been requested and would not assist the court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 81 governs jury demands in a removed action. Pursuant to Rule 81, a party is entitled to a jury trial if the party serves a demand within 14 days after removal.[1] A party is also entitled to a jury trial under Rule 81 if the party made a proper jury request under state law before removal[2] or if the state complaint

---

[1] Fed. R. Civ P. 81(c)(3)(B).

[2] Fed. R. Civ. P. 81(c)(3)(A).

contained a jury demand that would have satisfied Rule 38(b) [of the Federal Rules of Civil Procedure].[3]

Pursuant to Rule 39 of the Federal Rules of Civil Procedure, a court in its discretion "may, on motion, order a trial by a jury of any or all issues."[4] However, the court's discretion is limited under Ninth Circuit law: The court may not "grant relief when the failure to make a timely demand results from an oversight or inadvertence."[5]

### III. DISCUSSION

The complaint by the original plaintiff in this class action case dated January 17, 2014, was filed in state court. In July of 2014, plaintiff moved to file an amended complaint adding, for the first time, a claim arising under federal law. The state court judge granted the motion in an order signed August 11, 2014. Thereafter, MSB timely removed the case to this court. It is undisputed that plaintiff did not file a demand for a jury trial in federal court after removal. Thus, the issue presented in defendant's motion is whether plaintiff properly filed a jury demand under state law before removal.

Plaintiff first filed a demand for jury trial on April 16, 2014, while the case was in state court. The filing was untimely under Alaska Rule of Civil Procedure 38(b). It has long been recognized that failing to file a timely demand for a jury trial waives the right to a jury under Alaska law.[6] MSB relies on these straightforward principles to support

---

[3]*Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005).

[4]Fed. R. Civ. P. 39(b).

[5]*Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (quoting *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983)) (internal quotations omitted).

[6]*State v. First Nat'l Bank of Anchorage*, 660 P.2d 406, 424 (Alaska 1982).

its motion. To avoid the waiver, Richey argues that the filing of an amended answer in state court on April 16, 2014, which raised new issues, revived her right to demand a jury trial. Indeed, under Alaska law, an amended pleading that raises new issues gives rise to the right to demand a jury, but only as to the newly raised issues.[7] Thus, even if defendant's amended answer raised new issues, plaintiff's demand was only timely as to those newly asserted issues.

The amended answer was almost identical to the original answer. According to MSB, the only change was addition of a defense asserting discretionary function immunity. However, the court notes that the amended answer also added as a defense an allegation that plaintiffs failed to exhaust administrative remedies. MSB correctly argues that where an amended pleading is almost identical to the original pleading the time within which a jury demand may be made is not re-started.[8] However, the issue is a bit more complicated here.

To begin with, asserting defenses of qualified immunity and failure to exhaust administrative remedies raises legal issues which go beyond those raised in the earlier answer. Turning first to the qualified immunity defense, it should be noted that in Alaska, municipal governments such as MSB are immune from tort liability when the action complained of resulted from the exercise of a discretionary function.[9] MSB argues that the availability of discretionary function immunity is an issue of law to be

---

[7]*See Hollembaek v. Alaska Rural Rehabilitation Corp.*, 447 P.2d 67, 69 n.4, 70 (Alaska 1968); *see also* Jerald Jay Director, *Rule 38 of Federal Rules of Civil Procedure: Waived Right to Jury Trial as Revived by Amended or Supplemental Pleadings*, 18 A.L.R. Fed. 754 (1974).

[8]*Pankratz v. State Dep't of Highways*, 652 P.2d 68, 71 n.5 (Alaska 1982).

[9]AS § 09.65.070(d)(2).

decided by the court, not a jury. If that is accurate and applicable here, then *MSB* is correct to assert that Richey should not have a renewed opportunity to demand a jury because this defense was added.

MSB cites *Cutler v. Kodiak Island Borough*[10] to support its argument. In *Cutler* the defendant borough had argued to the trial court that it was entitled to discretionary function immunity, but the trial court granted summary judgment to the borough on other grounds and did not address the issue. On appeal the Alaska Supreme Court reversed the trial court's decision awarding summary judgment to the borough on the merits, but determined that the borough was immune from a claim for damages based on its exercise of a discretionary function.[11] While it is correct to say that the ultimate decision on whether a defendant is entitled to discretionary immunity is a decision to be made by the court, it is also true that where factual disputes must first be resolved in order to provide the factual basis upon which the judicial determination can be made, resolution of those disputes is for the jury.[12] Here, resolution of the claim to qualified immunity might involve underlying factual disputes which the finder of fact would not have to resolve but for the addition of that defense.

The defense of failure to exhaust administrative remedies necessarily involves facts that would not need to be addressed, but for the addition of that defense. The validity of the defense raises a number of subsidiary issues: were such remedies

---

[10]290 P.3d 415 (Alaska 2012).

[11]*Id*. at 420-21.

[12]*State Dep't of Health and Human Servs. v. Mullins*, 328 P.3d 1038, 1044 (Alaska 2014).

generally available; if so, were they available remedies with respect to all claims advanced by plaintiffs; if so, did plaintiffs use or attempt to use those remedies; would pursuit of such remedies have been futile for some reason; etc. These issues turn on facts that would not need to be addressed absent the new defense.

In sum, it appears to the court that addition of the two new defenses implicates facts not implicated in their absence. The amended answer is the last pleading directed at the newly raised issues, which is controlling under the applicable rule.[13] The jury demand as to the newly raised issues was, therefore, timely under state law. Thus, the two new defenses would need to be evaluated by the trier of fact, unless they are not in dispute. At this stage it is impossible to ascertain what all the facts would be and whether they would be disputed.

Plaintiff asserts in her response that the court should exercise its discretion to order a jury trial as to all remaining issues pursuant to Rule 39 of the Federal Rules of Civil Procedure. However, as noted above, the court's discretion is limited: "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."[14] Plaintiff failed to present any evidence demonstrating that the failure to properly demand a jury trial under state law prior to removal or within 14 days of removal was the result of anything other than inadvertence. Thus, the court cannot use its discretion to simplify matters and have a jury decide all factual issues. Although, because of the difficulties in compartmentalizing the facts so as to allow a jury trial on

---

[13]Alaska R. Civ. P. 38(b).

[14]*Pac. Fisheries Corp.*, 239 F.3d at 1002.

some factual issues but not others, the court may consider using "an advisory jury" on the remaining factual issues pursuant to Rule 39(c), but the court will leave that matter to be resolved after motion practice concludes.

### III. CONCLUSION

For the reasons above, the motion at docket 44 is **GRANTED IN PART AND DENIED IN PART**. Factual issues related to the immunity defense and the exhaustion of remedies defense will be tried by a jury. All other issues will be tried by the court.

DATED this 20th day of February 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE