# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

Andrea Richey, *et al.*,

    Plaintiffs,

vs.

Matanuska-Susitna Borough,

    Defendant.

3:14-cv-00170 JWS

**ORDER AND OPINION**

[Re: Motion at Docket 31]

## I. MOTION PRESENTED

At docket 31 defendant Matanuska-Susitna Borough ("the Borough") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment regarding the statute of limitations applicable to the claims of plaintiffs Andrea Richey, *et al*. (collectively, "plaintiffs"). Plaintiffs oppose at docket 37. The Borough replies at docket 43. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The State of Alaska's ("the State's") Public Employees Retirement System ("PERS") provides retirement, disability, and death benefits to certain public

employees.[1]  The Borough entered into a contractual agreement with the State to participate in PERS in 1968 ("the Participation Agreement").[2]  Plaintiffs allege that this contract requires the Borough to enroll its employees in PERS once "the employee [is] employed by [the Borough] in a qualified position, receive[s] PERS-eligible compensation, and [is] eligible to make PERS contributions."[3]

Plaintiffs and the putative class members are former and current Borough employees.  They refer to themselves as "disfavored personnel," meaning that they are "permanent part-time and/or permanent full-time [Borough] employees denied PERS benefits."[4]  Plaintiffs assert that they are actually PERS-eligible because they (1) "either initially and/or routinely" worked sufficient hours per week (15 hours per week for part-time employees and 30 hours per week for full-time employees); and (2) worked an unspecified "sufficient" amount of hours per annum "during many, most and/or all years" of employment.[5]

Plaintiffs filed their complaint in state court in January 2014[6] and moved for class certification before discovery had been conducted.  The Alaska Superior Court denied their motion, ruling that plaintiffs failed to "provide information to establish each of the requirements for class certification."[7]  The denial was issued without prejudice to plaintiffs' ability to renew their motion after completion of discovery.  Before renewing

---

[1]AS 39.35.001.  *See also* AS 39.35.600 (stating that eligible employees of a "participating political subdivision" of the State are entitled to PERS benefits).

[2]Doc. 8-20 at 2 ¶ 8.

[3]Doc. 8-32 at 2 ¶ 9.

[4]Doc. 25 at 8 n.20.

[5]Doc. 25 at 4.

[6]Although the complaint is dated January 17, 2013, this is a typographical error; the complaint was filed on January 17, 2014.  *See* Doc. 31 at 2 n.2.

[7]Doc. 8-26 at 4.

their motion, plaintiffs amended their complaint to add a 42 U.S.C. § 1983 claim. This led the Borough to remove the case to federal court pursuant to 28 U.S.C. § 1441(a).[8]

Plaintiffs, in their First Amended Complaint ("Complaint"), claim that the Borough's decision to exclude "disfavored personnel" from PERS is a breach of the Borough's fiduciary duty (Claim 2); a violation of Article XII, section 7 of the Alaska Constitution (Claim 4); a violation of plaintiffs' rights under "express and implied contractual commitments" (Claim 5); a violation of plaintiffs' rights under "the laws and Constitutions of the United States and the State of Alaska," including the right to equal protection of the law (Claim 6); and a violation of AS 23.10.045 (Claim 7). The Complaint also seeks declaratory relief and an injunction requiring the Borough to enroll plaintiffs in PERS retroactively (Claim 3).[9]

Defendants now seek a ruling that any of plaintiffs' claims that accrued before January 2011, including all of the claims asserted by plaintiff Christian Hartley ("Hartley"), are time-barred.

### III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[11] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12] However, summary judgment is mandated under Rule 56(c) "against a party who fails to make a showing

---

[8]Doc. 1.

[9]Doc. 8-32.

[10]Fed. R. Civ. P. 56(a).

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[12]*Id.*

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[13]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[14] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[15] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[16] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[17] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[18]

## IV. DISCUSSION

The parties agree that Alaska law supplies the statute of limitations applicable to each of plaintiffs' claims. Under Alaska law, a statute of limitations does not begin to run until the cause of action accrues,[19] which is usually "the date on which the plaintiff

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[14] *Id.* at 323.

[15] *Id.* at 323-25.

[16] *Anderson,* 477 U.S. at 248-49.

[17] *Id.* at 255.

[18] *Id.* at 248-49.

[19] *Roach v. Caudle*, 954 P.2d 1039, 1041 (Alaska 1998).

-4-

incurs injury."[20] "When a cause of action accrues ordinarily presents a question of fact that must be resolved at an evidentiary hearing. Resolution of the issue on summary judgment is appropriate only if the [court] has before it uncontroverted facts regarding when the statute of limitations began running."[21]

Plaintiffs argue that the statute of limitations on pension claims do not begin to run until the employer's performance becomes due, that is, when the employee dies or retires. Plaintiffs primarily support their argument with three out-of-state cases: *Bowles v. Washington Department of Retirement Systems*,[22] *State Employees' Association of New Hampshire, Inc. v. Belknap County*,[23] and *California Teachers' Association v. Governing Board*.[24] In each of these cases the court held that the statute of limitations on claims alleging a breach of state employee pension rights begins to run upon the employee's death or retirement from service.[25]

The Borough, on the other hand, argues that the statutes of limitations began to run on plaintiffs' claims each time the Borough failed to make a PERS contribution on

---

[20]*John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1031 n.14 (Alaska 2002) (internal quotation omitted).

[21]*Egner v. Talbot's, Inc.*, 214 P.3d 272, 278 (Alaska 2009).

[22]847 P.2d 440 (Wash. 1993).

[23]448 A.2d 969 (N.H. 1982).

[24]214 Cal. Rptr. 777 (Cal. Ct. App. 1985).

[25]*Bowles*, 847 P.2d at 454; *Belknap Cnty.*, 448 A.2d at 973 ("Although employees obtain a vested right to benefits upon the commencement of their permanent employee status, the statute of limitations does not begin to run until the time that the payments become due—the time of death or retirement."); *California Teacher's Assn.*, 214 Cal. Rptr. at 782 ("[T]eachers' entitlement to service credits would not accrue until retirement benefits became payable upon retirement and, since service credits are dependent in part upon employer contributions, teachers' right to compel District to make additional contributions to the Teacher's Retirement Fund, likewise accrues only upon retirement.").

each plaintiff's behalf.[26] The Borough cites *Jiricek v. Woonsocket School District No. 55-4*,[27] where the Supreme Court of South Dakota rejected the plaintiff's argument that the statute of limitation on his pension claim accrued upon retirement. According to the *Jiricek* court, the plaintiff's position would not "promote the purposes of the statute of limitations, and it would also increase the financial burden suits like this would create for public entities."[28] As the *Jiricek* dissent points out, however, the majority opinion fails to acknowledge or address contrary authority from other jurisdictions, including *Belknap County*.[29]

The court finds that *Belknap County* is particularly on-point and persuasive. *Belknap County* involved a suit brought by a group of state employees alleging that they were improperly precluded from enrolling in the state retirement system. The court held that the statute of limitations did not begin to run on their claims until the time that the payments under that system became due, that is, "upon the death or retirement of a qualifying employee."[30] Until the defendant's performance becomes due, the court held, the defendant will not have breached the contract and the cause of action will not have accrued. The holding in *Belknap County* is in accord with black-letter contract law.[31]

---

[26]Doc. 31 at 8 ("Plaintiffs' claims accrued each time they received a paystub notifying them that the Borough had not made a PERS contribution on their behalf.").

[27]489 N.W.2d 348 (S.D. 1992).

[28]*Id.* at 350.

[29]*Id.* at 353 (Wuest, J., dissenting). *See also id.* ("[S]ince Jiricek is not entitled to any benefits until he retires, he suffered no adverse effect on any legal interest when the District failed to make the mandatory contributions on his behalf.").

[30]*Belknap Cnty.*, 448 A.2d at 973.

[31]*See, e.g.*, 10-54 Corbin on Contracts § 54.31 (rev. ed. 2014) ("There is no necessity for making the statutory period of limitation begin to run against the plaintiff until the day fixed by the contract for the rendition of performance, at least unless the plaintiff definitely elects to regard the anticipatory repudiation as a final breach. It is generally said that he need not so

The essential basis of each of plaintiffs' claims is that the Borough has wrongfully excluded plaintiffs from receiving the PERS retirement benefits to which they are contractually entitled.[32] Because payment of such benefits is not due until an employee's death or retirement, the statute of limitations does not begin to run until the Borough fails to perform. The Borough's motion for partial summary judgment that the statute of limitations began to run for all of plaintiffs' claims by January 2011 is denied. Further, because the Borough has not shown that Hartley has retired,[33] the Borough's request for partial summary judgment on Hartley's claims is also denied.

### V. CONCLUSION

Based on the preceding discussion, plaintiffs motion for partial summary judgment is **DENIED**.

DATED this 13th day of April 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

elect and that he may properly wait until the time that performance was due, before regarding the contract as broken.").

[32]See Doc. 8-32 at 2-3 ¶¶ 8-16. Plaintiffs claim that, by not providing plaintiffs the PERS benefits to which they are contractually entitled, the Borough breached a fiduciary duty to them (Claim 3); violated their rights under Article VII, section 7 of the Alaska Constitution (Claim 4); breached their contractual rights (Claim 5); violated their right to equal protection (Claim 6); and violated AS 23.10.045 (Claim 7).

[33]See Doc. 43 at 3 n.2 (stating that it is unclear whether Hartley has retired).