# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| **Andrea Richey, *et al*.,** | |
| **Plaintiffs,** | 3:14-cv-00170 JWS |
| vs. | **ORDER AND OPINION** |
| **Matanuska-Susitna Borough,** | [Re: Motion at Docket 53] |
| **Defendant.** | |

## I. MOTION PRESENTED

At docket 53 plaintiffs Andrea Richey, *et al*. (collectively, "plaintiffs") move pursuant to District of Alaska Local Civil Rule ("Local Rule") 59.1[1] for reconsideration of the court's order at docket 49 denying their motion for class certification. The court has not asked defendant Matanuska-Susitna Borough ("the Borough") to respond to plaintiffs' motion.

---

[1] Plaintiffs also cite Ninth Circuit Rule 27-10, but that rule applies only to cases before the Ninth Circuit. *See* Fed. R. App. P. 1; Circuit Rule 1-2.

## II. STANDARD OF REVIEW

"A federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.'"[2] "Because of the interest in finality, however, courts should grant motions for reconsideration sparingly."[3] Pursuant to Local Rule 59.1, a party may move the court to reconsider its non-appealable orders. Local Rule 59.1 does not provide criteria for when reconsideration is appropriate, but case law from within the Ninth Circuit does. According to that case law, reconsideration should be granted in three circumstances: First, upon the discovery of material facts that were previously unavailable or undiscoverable through reasonable diligence[4]; second, if the court overlooked material facts that were presented to it before it made its decision[5]; and third, if there is a change in the law after the court's decision.[6] A motion will not be granted if it simply repeats arguments that were made, or could have been made, when the court reached its original decision.[7]

---

[2] *Rottmund v. Cont'l Assur. Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973)).

[3] *Id.*

[4] *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

[5] *Id.*

[6] *Id.*

[7] *Wade v. Ilisagvik Coll.*, No. A05-86CV(JWS), 2005 WL 2704979, at *1 (D. Alaska Oct. 11, 2005). *See also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2004).

## III. DISCUSSION

**A.    Plaintiffs Have Not Demonstrated The Existence of an Ascertainable Class**

The primary reason why the court denied plaintiffs' class certification motion was because plaintiffs had not demonstrated that identifying class members would be administratively feasible. The court ruled that the seven-part class definition that plaintiffs proposed is unwieldy and does not definitively identify the class. The court also ruled that plaintiffs' alternative class definition—all Borough employees "who have worked [or are working] the *requisite* number hours, pursuant to AS 39.35.680(32) and (33) and the Borough's Participation Agreement"[8]—lacks sufficient definitiveness because plaintiffs did not explain how the court might determine, under AS 39.35.680(32) and (33), which Borough employees "regularly" worked either 15 or 30 hours per week without performing individualized inquiries.[9]

Plaintiffs now assert that PERS eligibility is based exclusively on whether an employee's "average weekly hours" exceeded either 15 or 30, in which case they necessarily qualified as either a permanent full-time or permanent part-time employee under AS 39.35.680(32) and (33), respectively. Determining an employee's average weekly hours, plaintiffs correctly assert, is as simple as dividing the employee's annual hours by 52 weeks. Therefore, according to plaintiffs, all employees who work more than 780 hours annually qualify as permanent part-time employees, and all employees who work more than 1,560 hours annually qualify as permanent full-time employees.[10]

This argument in unavailing because it is one that plaintiffs could have asserted in their original briefing, but did not. Even if this were not true, plaintiffs' interpretation of AS 39.35.680(32) and (33) is unpersuasive. Plaintiffs cite no authority to support their

---

[8]Doc. 41 at 1 (emphasis added).

[9]Doc. 49 at 6-7.

[10]Doc. 53 at 1 n.2. ("A.S. 39.35.680(32) [and] (33), uses [sic] 'average weekly hours.' To simplify, Plaintiffs have used annual hours of 780 or 1560; [15hrs X 52wks=780hrs/yr; or 30hrs X 52wks=1560hrs/yr], to trigger PERS-eligibility.").

claim that an employee qualifies as a permanent part-time or full-time employee under AS 39.35.680(32) and (33) based solely on his average weekly hours. To the contrary, the statute states that an employee qualifies as a "permanent full-time" employee if she "is occupying a permanent position that *regularly* requires working 30 or more hours a week"[11] and as a "permanent part-time" employee if she "is occupying a permanent position that *regularly* requires working at least 15 hours but less than 30 hours a week."[12] Regular is not synonymous with average. Just because an employee works 780 or 1,560 hours annually does not necessarily mean he occupies a permanent position that regularly requires working a certain number of hours weekly.

To illustrate, take two employees who worked 1,560 hours last year. Employee Number 1 worked 30 hours every week and therefore qualified as a "permanent full-time" employee under AS 39.35.680(32). But Employee Number 2 worked 10-hour shifts, 6 days per week, for 6 months and then was unemployed the remaining 6 months.[13] Both employees worked the same number of annual hours, but there were just as many weeks where Employee Number 2 worked 0 hours as there were where she worked more than 30. It is unclear whether such an employee "regularly" worked more than 30 hours a week.

Using annual hours as a proxy for "regular" weekly hours is even more dubious with respect to part-time employees. Under the same example above, Employee Number 2's annual hours would equal 780 even if she only worked 13 weeks out of the year. Plaintiffs would have the court treat her position as one that "regularly requires working at least 15 hours but less than 30 hours a week" despite the fact that there was not a single week where she worked between 15 and 30 hours.

---

[11]AS 39.35.680(32).

[12]AS 39.35.680(33).

[13]This hypothetical does not appear to be far-fetched. Plaintiff Andrea Richey states that she commonly worked as many as 60 hours per week. Doc. 26 at 15 ¶ 5.

In sum, plaintiffs have not shown that their new method for determining class membership—based solely on annual hours worked—is a consistently reliable method for identifying the class members.[14]

## IV. CONCLUSION

Based on the preceding discussion, plaintiffs' motion for reconsideration is **DENIED**.

DATED this 30th day of April 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[14]Relatedly, although the Borough does not contest plaintiffs' assertion that numerosity is satisfied, this does not relieve the court of its duty to determine whether certification is appropriate. See Newberg on Class Actions § 7:3 (5th ed. 2014).